UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 25-cv-22122-BLOOM/Elfenbein**

DENISE HERNANDEZ,

       Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

       Defendant.
_____/

**ORDER ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint, ECF No. [12] ("Motion"). Plaintiff Denise Hernandez ("Plaintiff") filed a Response, ECF No. [20], to which Defendant filed a Reply, ECF No. [22]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

This case arises as a result of injuries Plaintiff sustained aboard Defendant's ship, *Carnival Magic*. In her Complaint, Plaintiff alleges, that, on May 17, 2024, she was a passenger aboard the *Carnival Magic*. ECF No. [1] ¶ 9. At 7:30 a.m., she was walking down an exterior staircase from deck twelve (12) to deck eleven (11) when she "slipped and fell on a wet substance and fell from the middle of the staircase and landed on her side at the end of the staircase." *Id.* at ¶ 12. Plaintiff was unable to get up off the floor, and she was eventually put in a wheelchair and taken to the

ship's Medical Center where x-rays were taken, and she received intra-vascular medication. ECF No. [1] ¶ 13. On each of Defendant's ships are stairs for all passengers to use to move about the ship and, due to all the passenger activity, Carnival requires its crew members to frequently inspect the ship's stairs for safety. *Id.* at ¶ 10. Defendant knows or should have known that water blends in with the steps of the stairs, and Defendant knows that passengers may not know how slippery its stairs can be when wet. *Id.* The wet stairs are not open and obvious hazard conditions for passengers and Carnival must warn its passengers of the dangerous condition and require its crewmembers to place yellow caution signs to warn passengers about the wet and slippery floors and/or stairs. *Id*. Plaintiff further alleges that Defendant should have known that stairs aboard the subject vessel also had construction defects in them, in that the step Plaintiff fell from after slipping on water had a design and/or construction defect and/or lack of maintenance, in that the nosing of the step was not parallel with the deck, but was angled down. *Id.* at ¶ 11. Plaintiff was "robbed of the opportunity to catch her fall due to the negligent design and/or lack of maintenance of the stairway." *Id.*

Plaintiff alleges that Defendant had notice of the dangerous condition in multiple ways. *See* ECF No. [1] ¶¶ 15-20. First, Defendant had notice through prior similar incidents, as Defendant documents slip and falls through shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. *Id.* ¶ 15. Second, Defendant had notice by routinely posting caution signs in other areas of the ship. *Id.* ¶ 16. Third, Defendant had also created and implemented written policies, procedures, and trainings related to slip and fall hazards, instructing crew members that the open decks and stairs are a crucial area to clean, dry, monitor, and inspect. *Id.* ¶ 17. These written documents instruct crewmembers that "good

housekeeping is the first and most important level of preventing falls due to slips and trips," documents telling crew members to place wet floor signs on floors that become repetitively wet, and Two Minute Trainers (directing crew members to clean up spills and wet floors immediately). *Id.* Fourth, Defendant had notice because the dangerous condition was an ongoing problem, as Defendant's stairs often become wet and require mopping and/or cleaning, which can also cause slick conditions. *Id.* ¶ 18. Fifth, Defendant had notice by violating industry standards. Sixth, Defendant had notice through internal documentation, including logs of prior complaints regarding slip and falls, discussions about slip and falls during shipboard meetings, and expert reports and/or emails to Defendant. *Id.* ¶ 21.

As a result of Plaintiff's fall, Plaintiff asserts five claims against Defendant: negligent failure to warn (Count I); negligent design, construction and selection of materials (Count II); negligent failure to maintain (Count III); negligent training of personnel (Count IV); and negligent supervision of personnel (Count V). *See generally* ECF No. [1].

In the Motion, Defendant seeks dismissal of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Counts I-III fail to sufficiently allege notice. ECF No. [12] at 3; Count I does not properly allege that the danger was not open and obvious. *Id.* at 7; and Plaintiff fails to properly plead Counts IV and V. *Id.* at 9, 11.

Plaintiff responds that for Counts I-III, the Complaint alleges a specific dangerous condition and notice is not required. ECF No. [20] at 3. Plaintiff also contends that the allegations are sufficient to meet the notice requirement. *Id.* at 4. Plaintiff further contends that constructive notice was satisfied through substantially similar incidents. *Id.* at 6. As to Count I, Plaintiff alleges that Count I should not be dismissed for failure to allege the danger was not open and obvious. As

to Count IV, Plaintiff contends that she properly pleads a claim for negligent training. *Id.* at 7. As to Count V, Plaintiff contends that it should not be dismissed with prejudice, as she can properly plead negligent supervision after discovery. *Id.* at 8.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "does not need detailed factual allegations," however, it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (2007); *see Iqbal*, 556 U.S. at 678 (stating that the pleading standard set forth in Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, a complaint may not rest on naked assertions devoid of further factual enhancement, stopping the claim short of the line between possibility and plausibility of entitlement to relief. *Iqbal*, 556 U.S. at 678. If the elements of the claims asserted are satisfied by the allegations, a defendant's motion to dismiss must be denied. *Twombly*, 550 U.S. at 556.

When reviewing a motion to dismiss, "the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009); *see Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (accepting the

complaint's allegations as true and construing them in the light most favorable to the plaintiff) (internal quotes and citations omitted).

### III. DISCUSSION

The substantive law applicable to this action involving an alleged tort "committed aboard a ship sailing in navigable waters" is general maritime law, the rules of which are developed by federal courts. *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *Lopez v. Carnival Corp.*, No. 22-cv-21308-BLOOM/Otazo-Reyes, 2022 WL 4598657, at *2 (S.D. Fla. Sept. 30, 2022).

To plead negligence, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014). The duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *See Keefe*, 867 F.2d at 1322.

#### a. Open and Obvious

Defendant contends that Count I should be dismissed, as Plaintiff fails to properly allege that the danger was not open and obvious. ECF No. [12] at 7.

To state a negligent failure to warn claim, as an initial matter, the plaintiff must allege the danger was not open and obvious. *Collazo v. Carnival Corp.*, No. 23-23451-Civ-Scola, 2024 WL 1554853, at *3 (S.D. Fla. Apr. 10, 2024). "The duty to warn in the maritime tort context extends

to only known dangers which are not apparent or obvious." *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 730 (11th Cir. 2015). For example, in *Green*, the plaintiff slipped and fell aboard a Carnival ship. *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1265 (S.D. Fla. 2022). The court found that the plaintiff had sufficiently alleged that the danger was not open and obvious. *Id.* The plaintiff's complaint alleged, "Suddenly and without warning . . . Plaintiff slipped and fell . . ." and "This dangerous condition was not open and obvious, and the Plaintiff had no way of knowing the existence of this condition." *Id.* The court reasoned that the pleadings plausibly established that the dangerous condition was not open and obvious, and the court could infer in favor of plaintiff. *Id.*

Defendant cites to *Watson v. Carnival Corp.* and argues that Plaintiff has not adequately alleged that the danger was open and obvious. No. 1:24-cv-21019-WILLIAMS/GOODMAN, 2024 WL 4137299, at *4-*5 (S.D. Fla. Aug 21, 2024). However, the plaintiff in *Watson* only alleged, "The failure to warn individuals regarding the dangerous condition constituted a hidden, latent defect that was unknown to Plaintiff which she could not discover through the exercise of reasonable diligence." *Id.* at *4. The court reasoned that this allegation did not explain how the dangerous condition was not open and obvious. *Id.* at *13.

Defendant also cites to *Gharaptyan v. Carnival Corp.* and argues that Plaintiff has not adequately alleged the danger was open and obvious. No. 24-23879-Civ-Scola, 2025 WL 263554, at *4 (S.D. Fla Jan. 22, 2025). The plaintiff in *Gharaptyan* alleged that Carnival failed to warn passengers like the plaintiff about this particular stairway's tendency to become dangerously slippery when wet. *Id.* The court granted to motion to dismiss the plaintiff's failure to warn claim, as nowhere in the complaint did the plaintiff allege how the slippery conditions were not open and obvious to the cruise's passengers. *Id.*

6

Here, in contrast, Plaintiff goes beyond the allegations in *Watson* and *Gharaptyan*. Plaintiff alleges that "[t]he wet stairs are not [an] open and obvious condition for passengers," "water blends in with the steps of the stairs," and "passengers may not know how slippery its stairs can be when wet." ECF No. [1] ¶ 10. Paragraph 11 further alleges "[t]he negligently designed and/or maintained stair are not [an] open and obvious condition for passengers," *id.* at ¶ 11, and that "The slippery and/or wet stairs were not readily apparent, when [Plaintiff] suddenly slipped and fell on the unexpectedly slippery wet stairs." *Id.* ¶ 12. This Court can properly infer in favor of Plaintiff, and thus, Plaintiff has adequately alleged that the dangerous condition was not open and obvious.

### b. Notice

Defendant contends that Counts I, II, and III should be dismissed, as Plaintiff fails to properly allege notice. ECF No. [12] at 3.

As an initial matter, Plaintiff pleads that the Complaint alleges a specific dangerous condition, and therefore notice is not required. ECF No. [20] at 3. *But See Keefe*, 867 F.2d at 1322 (holding that a prerequisite to imposing liability is that the carrier have actual or constructive notice). The Eleventh Circuit has rejected the position that notice can be imputed to a shipowner merely because the shipowner created the dangerous condition, reasoning that such a rule would obviate *Keefe*'s requirement that the shipowner have notice of the risk-creating condition. *Jackson v. NCL America, LLC*, 730 F. App'x 786, 789 (11th Cir. 2018) (citing *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990)). Accordingly, the fact that Plaintiff alleged Defendant created the dangerous condition is insufficient to impute notice upon Defendant.

Regarding notice, Plaintiff fails to list a single prior incident; does not attempt to allege that there were warning signs in the subject area: fails to point to specific factual evidence which demonstrates that Defendant should have known of the condition; improperly relies on industry

7

standards to impute notice; and relies on generalized protocols, which are insufficient to establish constructive notice. *See generally* ECF No. [12].

"Actual notice exists when the defendant knows about the dangerous condition . . . Constructive notice exists where 'the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures.'" *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) (quoting *Keefe*, 867 F.2d at 1322). A plaintiff can also establish constructive notice by alleging "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior incident.'" *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Jones v. Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)).

Defendant argues that Plaintiff fails to clearly identify the specific dangerous condition that allegedly caused her injury. Plaintiff alleges she "slipped and fell on a wet substance," (ECF No. [1] ¶ 12), elsewhere that the entire staircase was wet, (ECF No. [1] ¶ 8), and elsewhere that a design/maintenance defect in the ship's nosing and absence of slip-resistant strip caused the fall. (ECF No [1] ¶ 11). Plaintiff responds that paragraph 11 of the Complaint alleges that the nose of the step was defective for two reasons: it is not parallel with the floor and deck, and the nose of the step is missing slip-resistant strips. ECF No. [20] at 3.

Defendant provides no case law to support its position that multiple conditions are improperly pled. Additionally, courts have reasoned that "[p]laintiffs are generally the masters of their complaints and can thus choose how to plead their theory of liability." *Healy v. NCL (Bah.) Ltd.*, 733 F. Supp. 3d 1227, 1232 (S.D. Fla. 2024) (quoting *Wiegand v. Royal Caribbean Cruises Ltd.*, No. 21-12506, 2023 WL 4445948, at *2 (11th Cir. July 11, 2023)). As such, courts "routinely accept[ ] the plaintiff's definition of the dangerous condition(s) that caused [the] injury." *Wiegand*,

8

2023 WL 4445948, at *2 (citing *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1286 (11th Cir. 2015); *Guevara*, 920 F.3d at 717.

Here, Plaintiff alleges that she "slipped and fell on a wet substance and fell from the middle of the staircase and landed on her side at the end of the staircase." ECF No. [1] ¶ 12. Plaintiff additionally alleges that the nosing of the step was not parallel with the deck, and that the slip-resistant strip affixed to the nose showed evidence of disrepair. *Id.* at ¶ 11. When deciding a motion to dismiss, "the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." *AXA*, 608 F. Supp. 2d at 1353. Accordingly, Plaintiff's allegations regarding her slip and fall resulting from the wet stairs, as well as the unparallel nosing and the disrepair of the slip-resistant strip are taken as true and identify the specific dangerous conditions that caused Plaintiff's injury. *See id.*

### 1. Actual Notice

Actual notice exists when the defendant knows about the dangerous condition. *Holland*, 50 F.4th at 1095. Here, Plaintiff provides only conclusory statements that Defendant knew of the specific dangerous condition. *See generally* ECF No. [1]. Plaintiff does not allege that she complained of the specific dangerous condition prior to her fall or that any of Defendant's employees were informed of the dangerous condition. *See generally id.*; *see also Edelman v. MSC Cruises, S.A.*, No. 24-cv-23060-BLOOM/Elfenbein, 2025 WL 240840, at *4 (S.D. Fla. Jan. 17, 2025) (the plaintiff alleging in the complaint that he complained of "the dangerous condition" that ultimately caused his injuries was sufficient to allege actual notice). As such, the Court analyzes the sufficiency of Plaintiff's allegations regarding constructive notice.

### 2. Constructive Notice

Plaintiff alleges that constructive notice is satisfied through sufficient facts, and through prior substantially similar incidents. ECF No. [20] ¶ 4, 6.

Evidence that an allegedly dangerous condition failed to comply with industry standards, together with other evidence of notice, can be used to establish constructive notice. *Andersen v. Royal Caribbean Cruises, Ltd.*, 543 F. Supp. 3d 1346, 1357 (S.D. Fla. 2021). Plaintiff cites to *Andersen*, arguing that Plaintiff has alleged sufficient facts to meet the notice requirement. ECF No. [20] at 4. However, Plaintiff has not cited to any industry standard that Defendant violated, thus *Andersen* is inapplicable.

Here, Plaintiff does not allege sufficient facts to meet the notice requirement. Plaintiff alleges that Defendant was in violation of industry standards by not keeping its escape routes maintained in a safe condition clear of obstacles, however, she does not allege any "obstacle" causing her injury. *See* ECF No. [1] ¶ 19. Moreover, Plaintiff's additional allegations are conclusory. *See Navarro v. Carnival Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3 (S.D. Fla. Mar. 19, 2020) ("[A]side from the conclusory allegation that Carnival 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that Carnival knew of this risk creating condition . . ."). Throughout the Complaint, Plaintiff does not allege specific factual allegations that would impute constructive notice upon Defendant. *See generally* ECF No. [1].

Plaintiff also alleges that caution signs being placed in "other areas of the ship" impute constructive notice on Defendant. ECF No. [1] ¶ 16. However, the presence of wet-floor signs *in the vicinity* of wet floors is sufficient, at the pleading stage, to establish a connection between the warning sign and the danger. *Iacoli v. MSC Cruises, S.A.*, NO. 24-cv-20082-ALTMAN/Sanchez,

2024 WL 3509584, at *3 (S.D. Fla. July 23, 2024) (emphasis added). The *Iacoli* court found that the plaintiff adequately alleged constructive notice of the dangerous condition, as she alleged "[t]here was a wet floor caution cone on the subject surface and a 'floor slippery when wet' plaque in the subject area . . . in the exact location [Iacoli] fell." *Id.* at *3. The court reasoned that the plaintiff had made the connection between the warning and the danger, as the plaintiff alleged that the wet-floor caution cone was meant to warn passengers about a wet floor. *Id.*

Here, Plaintiff does not allege any specific caution signs near the exterior staircase where the incident occurred. *See* ECF No. [1] ¶ 16. Plaintiff's only allegation as to caution signs is, "Additional evidence that [Defendant] had notice of the dangerous condition here is shown by the fact that [Defendant] routinely posts caution signs in other areas of the ship." *Id.* The Complaint does not allege there were caution signs near the staircase, or any specific caution sign aboard the subject vessel. Accordingly, Plaintiff has not properly alleged constructive notice of the alleged dangerous conditions based on Plaintiff's allegations of general procedures that require certain warning signs.

Plaintiff further alleges that the problem is an on-going and repetitive problem, which imputes notice upon Defendant. ECF No. [1] ¶ 18. However, Plaintiff's allegation is merely conclusory and is not supported with any factual allegations, which does not impute constructive notice upon Defendant. *See Bencomo v. Costa Crociere S.P.A. Co.*, NO. 10-62437-CIV, 2011 WL 13175217, at *3 (S.D. Fla. Nov. 14, 2011) (finding an argument that wet decks occurred regularly, and thus were foreseeable, was not sufficient to create constructive notice).

Constructive notice can also be satisfied through substantially similar incidents. *Guevara*, 920 F.3d at 720. "[A] plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have

caused the prior incident." *Id.* However, "serial listing of purportedly substantially similar events without any factual support explaining how and why these prior incidents would have put Defendant on constructive notice is insufficient to carry Plaintiff's burden at the motion to dismiss stage." *Edelman*, 2025 WL 240840, at *4.

Here, although Plaintiff attempts to list substantially similar incidents within her Response, there are no substantially specific incidents listed within the four corners of the complaint. *See generally* ECF No. [1]. Within the Complaint, Plaintiff's only mention of similar incidents is listed within ¶ 15, as Plaintiff alleges:

> Prior similar incidents show evidence that [Defendant] had notice of the dangerous condition here. [Defendant] documents slip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing.

*Id.* ¶ 15. Plaintiff fails to allege any substantially similar incidents, including specific dates and cited cases and attempting to include similar incidents in Plaintiff's Response is insufficient. *See Chaparro*, 693 F.3d at 1337 (looking at the complaint's allegations when deciding a Motion to Dismiss). When looking at the Complaint, the Eleventh Circuit has repeatedly condemned mere references to "substantially similar" incidents—without more—as conclusory. *See Holland*, 50 F.4th at 1096 (Holland's conclusory allegations that there are frequently spills on the staircase and prior slip and fall incidents on this staircase are insufficient to amount to substantially similar incidents). Accordingly, Plaintiff has not properly alleged substantially similar incidents and has not adequately alleged that Defendant had actual or constructive notice of the specific dangerous condition.

Similarly, because the Complaint fails to impute actual or constructive notice on Defendant of the specific dangerous condition, the Court finds that Count III does not survive as well. Accordingly, Defendant's Motion to Dismiss Counts I and III is granted.

### A. Count II: Negligent Design, Construction and Selection of Materials

Defendant argues that Count II should also be dismissed as Plaintiff fails to sufficiently allege notice. *See generally* ECF No. [12].

To state a claim for negligent design, a plaintiff must allege that the defendant "actually created, participated in, or approved the alleged negligent design" of the risk-creating condition. *Katzoff v. NCL (Bah.) Ltd.*, No. 19-cv-22754-MGC, 2020 WL 7493098, at *2 (S.D. Fla. Aug. 31, 2020).

Plaintiff relies on *Spotts* throughout her Response. *Spotts v. Carnival Corp.*, 711 F. Supp. 3d. 1360, 1371 (S.D. Fla. Jan. 10, 2024). In *Spotts*, the passenger slipped and fell on a large puddle of water that had accumulated on the deck of the Carnival ship. *Id.* at 1363. The plaintiff alleged:

> CARNIVAL holds the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved. CARNIVAL approved of the design, construction, and selection of materials of the subject area . . . . CARNIVAL knew or should have known that the subject area including the flooring it chose and installed on the Lido Deck on the Carnival Pride was unreasonably dangerous and slippery when wet . . . . CARNIVAL's negligent design, construction, and selection of the flooring for the Lido deck on board the Carnival Pride proximately caused SPOTTS' injuries.

*Id.* at 1370-71. The court denied the defendant's motion to dismiss, holding that the passenger had alleged enough to state a claim for negligent design. *Id.* at 1371. The court reasoned that because the passenger had alleged that Carnival participated in (or approved of) the design of the area that caused his injury (the ship's Lido deck), his allegations were sufficient to survive a motion to dismiss. *Id.*; *see Canyes v. Carnival Corp.*, No. 22-cv-20858-BLOOM/Otazo-Reyes, 2022 WL 4270001, at *3-4 (S.D. Fla. Sept. 15, 2022) (holding that the plaintiff had done enough to survive

13

a motion to dismiss on a negligent design claim because the plaintiff had alleged that the defendant actively participated in the design and construction of the subject vessel, and that the defendant actively participated in the design and construction of the area where the injury occurred).

Here, Plaintiff adequately alleges that Defendant participated and/or approved the design of the staircase where Plaintiff was injured. Plaintiff alleges:

> [Defendant] has all its ships, including the *Carnival Magic Ship*, custom made to its own design and specifications. [Defendant] participated in and/or approved of the design of the subject area including the subject flooring. [Defendant] participated in and/or approved of the selection of the materials for the subject area including the subject flooring. [Defendant] participated in and/or approved of the installation of the materials for the subject area including the subject flooring. [Defendant] chose to install this same and/or similar flooring throughout its fleet. [Defendant] uses—and has for many years—a synthetic decking surface on and around its pool decks and stairs which [Defendant] knows or should know becomes dangerously slippery when wet. [Defendant] continues to repair, modify, and/or install the same and/or similar flooring on all its ships, including the *Carnival Magic Ship*. At all times [Defendant] had the ultimate control over the design and construction of the *Carnival Magic Ship*. [Defendant] had the right to inspect both the designs on paper and the design and construction at the yard. [Defendant] had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *Carnival Magic* including the subject area and flooring. [Defendant] had the right to reject any and all items, designs and construction, [Defendant] holds the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved. [Defendant] approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that [Defendant] has operated and maintained the ship continuously since on or about 2011.

ECF No. [1] ¶ 31. Plaintiff further alleges "[Defendant] knew or should have known that the subject area including the flooring it chose and installed on the exterior stairs on the *Carnival Magic* was unreasonably dangerous and when not properly maintained and repaired." *Id.* at ¶ 35. Taking these allegations as true, as this Court must at this stage, the allegations support a finding that Defendant was on actual or constructive notice of the alleged dangerous condition. *See Iacoli*,

14

2024 WL 3509584, at *8 (finding the same). Accordingly, Defendant's Motion to Dismiss Count II is denied.

### B. Count IV: Negligent Training of Personnel

Defendant argues that Count IV should be dismissed as Plaintiff fails to properly plead her Negligent Training of Personnel claim. ECF No. [12] at 9.

To state a claim for negligent training, the plaintiff must show (1) that the defendant "was negligent in the implementation or operation of the training program," and (2) that this negligence caused the plaintiff's injuries. *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005). It is not enough for a plaintiff to plead that a particular training program exists and then offer a bare legal conclusion that the defendant negligently implemented or operated such a program. *Lirette v. Carnival Corp.*, No. 24-24035-CIV-MORENO, 2025 WL 385572, at *2 (S.D. Fla. Feb. 4, 2025).

Consistent with *Mercado*, Plaintiff has adequately alleged that Defendant was negligent in the operation of the training program, and that this negligence caused Plaintiff's injuries. *See* ECF No. [1] ¶¶ 46-55. Plaintiff alleges that Defendant was negligent by "failing to reasonably train its crewmembers to inspect, clean, dry and warn passengers of the dangerous conditions on board the *Carnival Magic* including the subject area where HERNANDEZ slipped and fell on May 17, 2024," and that Defendant "failed to ensure the implementation or operation of its training programs" alleged earlier in the complaint. ECF No. [1] ¶ 52. Plaintiff alleges that "[h]ad [Defendant] properly trained its crew members, the dangerous condition would not have existed. Had [Defendant] properly trained its crew members[,] [Plaintiff] would have been aware of the dangerous condition. [Plaintiff] therefore would never have slipped, fallen and been injured on May 17, 2024." *Id.* at ¶ 54. Plaintiff further alleges that:

15

> [Defendant]'s written documents instruct crew members that the open deck and stairs, including the area of this subject incident, are a crucial area to clean, dry, monitor, and inspect. [Defendant] trains its crew members that the open decks and stairs are one of the areas with the most potential slip and falls. [Defendant] uses Two Minute Trainers to train its crew members. Two Minute Trainers include written documents directing crew members to clean up spills and wet floors immediately. These documents also require crew members to place wet floor signs on floors that become repetitively wet and/or are known to be wet. [Defendant] created these procedures for its crew because, without warnings, passengers may not know or be able to perceive that its floors are wet and/or slippery.

*Id.* at ¶ 17. The plaintiff in *Spotts* pleaded the following in the complaint:

> Carnival has a duty of care which includes training its crew members to inspect, clean, dry and warn passengers about dangerous conditions on board the Carnival Pride . . . . Carnival trains its crew members to inspect and maintain the deck areas in a clean and dry condition. CARNIVAL's trainings and procedures instruct crew members that its floors are slippery when wet which can cause passengers to slip and fall and get injured . . . . Carnival failed to comply with industry standards regarding how to train its crew members to inspect and maintain the flooring and warn passengers of wet floors and the dangerousness of wet floors . . . . Had CARNIVAL properly trained its crew members, the dangerous condition would not have existed. Had CARNIVAL properly trained its crew members SPOTTS would have been aware of the dangerous condition. SPOTTS therefore would never have slipped, fallen and been injured on October 2, 2022.

*Id.* at 1368. The plaintiff further pleaded that the defendant "failed to reasonably train and/or supervise its crew to reasonably ensure that its slip and fall procedures, policies and/or programs were used and applied to this area of the ship." *Id.* at 1363. The court denied the defendant's motion to dismiss regarding the negligent training claim, reasoning that the plaintiff's allegations about Carnival's trainings and procedures and claiming that Carnival failed to train its crew members to inspect, clean, dry, and warn passengers about the dangerous conditions aboard the subject vessel, was sufficient to survive a motion to dismiss. *Id.* The court further reasoned that, since the plaintiff did not have the chance to take any discovery, the court could not imagine asking the plaintiff to provide more detail than what was provided. *Id.*

Taking the allegations in the Complaint as true, as this Court must at this stage, Plaintiff's allegations adequately plead a negligent training claim. Accordingly, Defendant's Motion to Dismiss Count IV is denied.

### C. Count V: Negligent Supervision of Personnel

Defendant argues that Count V should be dismissed as Plaintiff fails to properly plead her Negligent Supervision of Personnel claim. ECF No. [12] at 11.

Plaintiff fails to state a claim for negligent supervision. "Negligent supervision occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigating, discharge, or reassignment." *Doe*, 2016 WL 6330587, at *4 (internal quotation marks and citations omitted). To state a claim for negligent supervision, a plaintiff must allege that "(1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment." *Id.* (internal quotation marks and citations omitted).

Plaintiff effectively concedes Count V within her Response, ECF No. [20] at 8-9, and does not sufficiently allege her negligent supervision claim within the Complaint. *See* ECF No. [1] ¶¶ 56-70. Plaintiff has not properly alleged that Defendant had notice that an employee was unfit, or that Defendant failed to investigate that employee or those employees. Therefore, Defendant's Motion to Dismiss Count V is granted.

While Plaintiff requests that she be granted leave to amend Count V, ECF No. [20] at 9, a request for leave is not properly raised in a plaintiff's response brief. *See Julien v. Georgia Bd. of Dentistry*, No. 1:17-CV-04045, 2020 WL 10485918, at *8 (N.D. Ga. Feb. 12, 2020) ("The Eleventh Circuit 'precedent is clear: the proper method to request leave to amend is through filing a motion,

17

Case No. 25-cv-22122-BLOOM/Elfenbein

and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'") (quoting *Burgess v. Religious Tech. Ctr. Inc.*, 600 F. App'x 657, 666 (11th Cir. 2015)); *S.O. Beach Corp. v. Great Am. Ins. Co. of New York*, 791 F. App'x 106, 113 (11th Cir. 2019) (finding that a footnote in a response brief was not a proper motion to amend).

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [12]**, is **GRANTED** as to Counts I, III, and V;
2. Defendant's Motion, **ECF No. [12]**, is **DENIED** as to Counts II and IV; and
3. Defendant shall file an Answer to Plaintiff's Complaint **no later than December 1, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record